FILED
 2020 Aug-24 PM 04:04
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| AMBER TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:19-CV-01772-CLS |
| ) | |
| MJTV, LLC d/b/a JIMMY'S ) | |
| LOUNGE; JAMES M. HOLT, and ) | |
| MICHAEL HOLT, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| CHARLENE GDYNIA; JASHON ) | |
| JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 5:19-CV-01813-CLS |
| ) | |
| MJTV, LLC d/b/a JIMMY'S ) | |
| LOUNGE; JAMES M. HOLT, and ) | |
| MICHAEL HOLT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This action, filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), is before the court on the parties' "Joint Notice of Settlement and Request for Approval," asking this court to approve their proposed settlement agreement and to dismiss all claims. Doc. no. 34. Upon consideration, the motion is granted, and the parties' proposed settlement is approved for the reasons stated

herein.

## I.  LEGAL STANDARDS

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981).  In recognition of the fact that there often are great disparities between the bargaining power of employers and employees, Congress made the FLSA's provisions mandatory.  Generally, therefore, FLSA rights are not subject to bargaining, negotiation, waiver, or modification by contract or settlement agreements between employers and employees.  *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945); *see also Barrentine*, 450 U.S. at 740 ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (citations and internal quotation marks omitted).

There are two exceptions to the general rule that back wage claims arising under the FLSA cannot be settled or compromised by employees.  The first arises when the Secretary of the United States Department of Labor supervises the payment of unpaid wages to employees pursuant to the authority granted by 29 U.S.C. § 216(c).  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Employees who accept such payments waive their rights to bring suits to

recover unpaid wages and liquidated damages, provided the employer pays the back wages owed in full. As the Eleventh Circuit observed in *Lynn's Food Stores*, the "waiver provision found in 216(c) was intended to create an incentive for employers to voluntarily accept settlements supervised by the Department of Labor." *Id.* at 1353 n.6 (citing *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977)).

> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment *after scrutinizing the settlement for fairness*.

*Id.* (emphasis supplied (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947)) (footnotes omitted). The Eleventh Circuit observed that settlements are permissible in this context because

> initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354 (alteration supplied).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs — Amber Turner, Charlene Gdynia, and Jashon Jones — filed these consolidated actions against their former employers — MJTV, L.L.C (the successor to JAH, L.L.C.), James M. Holt, and Michael Holt — all of whom conducted business in Huntsville, Alabama, under the trade name of "Jimmy's Lounge."[1]  Plaintiffs alleged they had been misclassified as "independent contractors" and, therefore, denied the minimum wage owed to employees under the FLSA.  Plaintiffs sought to recover their unpaid minimum wages.

Plaintiffs filed a motion for partial summary judgment on the issue of liability on April 23, 2020.  *See* docs. no. 24 & 25.  This court entered a memorandum opinion and order on July 23, 2020, granting plaintiff's motion for partial summary judgment, and finding defendants liable to pay plaintiffs a minimum wage.  *See* doc. no. 31.  The parties agreed to enter mediation with Mediator Ted Strong later on that same date.  *See* doc. no. 34, at 3.  The court set August 12, 2020 as the date for a pretrial conference for a trial addressing the issue of damages.  *See* doc. no. 32.  Before the pretrial conference could take place, however, the court was notified that the parties

---

[1] *See* doc. no. 1 (Complaint) in 5:19-cv-1772-CLS and doc. no. 1 (Complaint) in 5:19-cv-1813-CLS.  Unless otherwise stated, all docket references going forward will be to 5:19-cv-1772-CLS, the lead case.

had settled in mediation.

The proposed settlement agreement requires defendants to pay the gross amount of $150,000.[2] The three plaintiffs each receive $31,000.00, "minus any applicable payroll taxes, based upon said Plaintiff's completed IRS Form W-4, required by applicable law to be withheld by Defendants."[3] In addition, defendants will pay costs and expenses of the litigation in the amount of $1,624.77, and attorney's fees in the amount of $55,372.23.[4] The enforceability of the settlement agreement depends on the dismissal of all claims asserted by plaintiffs in this litigation with prejudice.[5]

### III. DISCUSSION

Any compromise must resolve a "bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Here, the parties dispute the number of hours plaintiffs worked, and there are "virtually no records as to how many shifts each dancer worked, how long each shift was, or how many dances were performed by each dancer."[6] The settlement agreement reflects the amount the parties negotiated for the unpaid minimum wage, taking into account "the lack of documentary evidence

---

[2] *See* doc. no. 34-1 (Settlement Agreement), at 3.

[3] *Id.*

[4] *Id.*

[5] *See id.*

[6] Doc. no. 34 (Notice of Settlement), at 4.

relating to Plaintiffs' claims and that income information from Plaintiffs would discount claimed damages."[7]

A settlement must also be fair and reasonable. To evaluate whether a settlement agreement is fair and reasonable, the court will consider:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Leverso v. SouthTrust Bank of Alabama, National Association*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Having considered these factors alongside the court's previous order holding the defendant liable to pay plaintiffs a minimum wage, and the lack of documentary evidence as to plaintiffs' actual hours worked, the court finds that the settlement agreement is a fair and reasonable resolution of the parties' *bona fide* disputes.

## IV. CONCLUSION

Upon careful consideration of the record and the parties' settlement agreement, the court is satisfied that it is a fair and reasonable resolution of each plaintiff's individual claims. Accordingly, the "Joint Notice of Settlement and Request for Approval" is GRANTED, and the proposed settlement is approved. All claims

---

[7] *Id.* at 5.

asserted by plaintiffs Amber Turner, Charlene Gdynia, and Jashon Jones are DISMISSED WITH PREJUDICE. Costs are taxed as paid, and the Clerk is directed to close this file.

      **DONE** and **ORDERED** this 24th day of August, 2020.

                                            _____
                                            Senior United States District Judge